IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYTHEON AIRCRAFT COMPANY,

   Plaintiff,

  vs.             Case No. 06-1198-JTM

RIO BRAVO HELICOPTERS, INC. OF
DELAWARE, a/k/a RIO BRAVO
HELICOPTERS CORPORATION,

   Defendant.

MEMORANDUM AND ORDER

  Two motions are before the court in this declaratory judgment action filed by Raytheon Aircraft Company involving a dispute between Raytheon and a former customer, defendant Rio Bravo Helicopters, Inc., which purchased in 2005 a Raytheon Premier I aircraft, serial number RB87. Raytheon's motion seeks an order requiring Rio Bravo to dismiss an action filed by that company in Texas. Rio Bravo has moved to dismiss the present action.

  This aircraft which is the focus of the litigation was manufactured in Wichita and was delivered to Rio Bravo in Wichita. The purchase agreement provides that "(t)his Agreement shall be governed by the laws of the State of Kansas." (Plf. Exh. A). The contract of sale gave Rio Bravo a manufacturer's limited warranty, stating further: "The law of Kansas applies to this warranty." Under this limited warranty, Raytheon agreed to pay for the cost of repairing or replacing any defective aircraft part. The contract disclaimed any implied warranties.

  A fact dispute exists as to the condition of the aircraft. In July of 2005, a baggage door blew off the airplane in flight. Raytheon contends that the door had not been properly latched before

takeoff. Rio Bravo contends that the door was defective. Rio Bravo has also cited other problems with the aircraft, and seeks a determination that it may return the aircraft for either a new aircraft or for a refund of its purchase price. Raytheon contends that Rio Bravo's remedies are limited to repair of the aircraft.

Raytheon notes that the employees involved in the sale of RB87 to Rio Bravo are in Wichita. The pilot training provided under the terms of the purchase agreement occurred in Kansas.

Raytheon commenced this declaratory judgment action by filing its complaint on May 12, 2006. At that time, it had not been presented with a written demand from Rio Bravo or its lawyer about RB87.

Rio Bravo's counsel wrote Raytheon a letter dated May 26, which set forth a series of complaints about the aircraft and demanded a new Premier I aircraft and $500,000 in damages. Raytheon's counsel replied on May 31 in a letter which responded to the allegations, noting that Raytheon had filed an action in Kansas.

Raytheon's process server in Laredo, Texas attempted to serve process on Rio Bravo on June 1. The server's affidavit states that he made repeated efforts to serve Gary Leyendecker, the president of Rio Bravo, at the business address of 4220 Sanders, Laredo, Texas, but was repeatedly rebuffed by representatives of Rio Bravo. The same day, the process server received a telephone call from counsel for Rio Bravo, who said that he had the authority to accept service. However, when the server then attempted to present service on counsel the next day, counsel declined to accept service, saying he would have to first obtain permission to accept service and that he would call the server back. He did not do so.

Instead, the same day, counsel for Rio Bravo filed a lawsuit in LaSalle County District Court. Raytheon was served with process and subsequently removed the case to the United States District

Court for the Southern District of Texas, Laredo Division, Case No. 5:06CV96. The Texas action raises claims for breach of contract, fraud, negligent misrepresentation, breach of warranty, violations of the Deceptive Trade Case Practices Act, promissory estoppel, and rescission.

Raytheon's lawsuit was finally served on Rio Bravo and was then removed by Rio Bravo on July 7.

Generally, where there are multiple actions arising from the same set of operative facts, federal courts grant precedence to the action which is filed first. This first-to-file rule is used "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 2006 WL 1627886 (D. Kan. June 13, 2006) (*quoting Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

Rio Bravo argues, however, that the court should decline jurisdiction based on alleged misconduct by Raytheon in wrongfully characterizing its Texas litigation as a declaratory judgment action, because its Texas claims include claims for damages arising from the same underlying facts, and because Raytheon assertedly filed the present action as a part of a race to the courthouse door.

Of course, "[a] district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883, at *3 (10th Cir. Sept.2, 1999) *(citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir.1987)). And, in this context, Rio Bravo stresses Raytheon's agreement that in the late spring of 2006 the parties had reached an "impasse." But an impasse is not the same thing as litigation; declaratory judgment actions have little point if the parties are in agreement.

The court finds nothing improper or untoward in Raytheon's resort to declaratory judgment. "Given the parties' lengthy history of attempting to resolve this dispute without litigation, the fact that [the plaintiff] resorted to court intervention to resolve the issue of the parties' respective rights post-termination of the license agreement does not seem improper, hasty, or unnecessary...." *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings*, 351 F.Supp.2d 1188, 1195 (D. Kan. 2005). The record fails to establish that the present action was filed as the part of the sort of disfavored procedural fencing which sometimes causes courts to grant relief from the first-to-file rule.

Nor is dismissal of this action warranted under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942), as suggested by defendant. In that case, the Court stressed that a federal declaratory judgment action should yield to a contemporaneous state claim for damages. But in *Brillhart* the state claim existed precedent to the federal action and hence the first-to-file rule was inapplicable.

The court finds no misbehavior on the part of Raytheon in the present litigation which would disqualify it from the protection of the general first-to-file rule or the equitable protection of declaratory judgment. Rio Bravo complains that Raytheon has referred to Rio Bravo's Texas litigation as a claim for declaratory judgment, but Rio Bravo's Texas complaint does include a claim for declaratory judgment. The other factor cited by Rio Bravo (Dkt. No. 16, at 8) is a repetition of the allegation that "Raytheon delivered a defective product to Rio Bravo and then reneged on its warranty." But of course this goes only to the underlying merits of the litigation, and cannot form any basis for resolving the prior, procedural question of which litigation should proceed. As to that procedural history, the court certainly finds nothing on the part of Raytheon which would approach the apparent conduct of the defendant in an attempt to dodge service of process in Texas, conduct which is not controverted by Rio Bravo in its pleadings.

In sum, the court finds that the present action was legitimately commenced and should proceed. The defendant is directed to dismiss or stay the Texas litigation during the pendency of this litigation and present any counterclaims herein.

IT IS ACCORDINGLY ORDERED this 25th day of October, 2006, that the plaintiff's Motion for Order (Dkt. No.6 ) is granted; the defendant's Motion to Dismiss (Dkt. No. 17) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE